COMMERCIAL CREDIT CO. v. UNITED DIVERS' SUPPLY CO.
(two cases).

(District Court, S. D. Florida.    August 13, 1918.)

Nos. 598, 599.

1. PRINCIPAL AND AGENT ⊝—100(6)—SPECIAL AGENT.
   Money lender's agent, kept at debtor's place of business to direct shipment and disposal of sponges purchased with funds advanced by the principal, had only special agency for special purpose, and could not bind principal by approval of or action upon contract of third person with debtor.

2. CONTRACTS ⊝—83—REPUDIATION AS "FAILURE OF CONSIDERATION."
   Where consideration moving to plaintiff for release of notes was defendant's agreement to perform certain acts, defendant's repudiation of its agreement would not constitute a "failure of consideration" for the release.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Failure of Consideration.]

⊝—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. EVIDENCE ⬤⟝444(6)—ACTION ON NOTE—PAROL EVIDENCE CONTRADICTING WRITTEN INSTRUMENT.

In an action against an indorser on a promissory note, wherein a release was interposed as a defense, evidence of a parol agreement that the release was not to become effective until approved by plaintiff's board of directors was not inadmissible, as contradicting a written instrument.

At Law. Actions by the Commercial Credit Company against the United Divers' Supply Company. On demurrers to pleas to declarations and replies to pleas. Decrees entered.

M. B. Macfarlane, R. E. L. Chancy, and N. B. K. Pettingill, all of Tampa, Fla., for plaintiff.

McKay & Withers, of Tampa, Fla., for defendant.

CALL, District Judge. These suits are similar, the difference being in the amounts of the two promissory notes. The declarations allege the indorsement before maturity and for value of the notes by the payee to the plaintiff. To these declarations several pleas have been interposed, identical in each case. On the first and second pleas issue is joined, and demurrers interposed to the third, fourth, fifth, and sixth pleas, and two replications filed to the seventh, which are the same in both cases, and to these replications demurrers are filed by the defendant.

The third plea sets up that, prior to the indorsement of the promissory note to the plaintiff, the plaintiff and a certain corporation had an arrangement whereby the plaintiff would advance to the corporation moneys with which to buy sponges, and kept an agent at the corporation's place of business for the purpose of directing the shipment and disposal of sponges so purchased with the funds so advanced; that the corporation applied to defendant to purchase sponges of the value of more than $15,000, and agreed to hold said sponges in trust for defendant, and to sell and dispose of the same, and to assign all bills receivable arising from the sale of said sponges; that their proceeds should be applied to the payment of the purchase price; that pursuant to this agreement two promissory notes in different amounts, aggregating the value of sponges, were given by the corporation to the defendant, and that this agreement was approved by the agent of the plaintiff so maintained at the place of business of the corporation; that in pursuance of this agreement the defendant indorsed and discounted said notes with the plaintiff 77 per cent. of their face value; that subsequently the corporation, with knowledge and consent of the plaintiff's agent so maintained as aforesaid, and without the consent of the defendant, confused these sponges with others purchased with money advanced to the corporation by the plaintiff, and the plaintiff through its agents aforesaid undertook the disposal of all of said sponges so confused, with full power to collect the proceeds of said sales; that by this action of the plaintiff in dealing with and appropriating sponges of defendant of a greater value than the amount received on discount of the notes the defendant is relieved of further liability on its indorsement.

The fourth plea makes the third a part, and further alleges that the plaintiff received the proceeds from the sale of the sponges, and did not apply same to the payment of the promissory notes, and that the amount so received was more than sufficient to fully discharge defendant of its liability. The fifth plea incorporates the fourth, and further alleges that plaintiff received the proceeds of the sale of all the sponges delivered by the defendant to the corporation, which amounted to more than enough to discharge the liability of the defendant. The sixth plea repeats the averments of the fourth, and prays judgment for the difference between the value of the sponges so delivered to the corporation and the amount received by the defendant on the discount of the note.

[1] The demurrers challenge the sufficiency of these pleas to defeat plaintiff's recovery. The theory of the defendant in interposing these pleas as defenses seems to be that the plaintiff is responsible for the performance or nonperformance of the agreement between the defendant and the corporation in the delivery of the sponges and giving the promissory notes. This it seems to me is the test to be applied to these pleas. The pleas set out fully the transaction and agreement between the defendant and the corporation, but this agreement does not bind the plaintiff, unless it either was a party to it in its inception or by its acts, with knowledge of same, either estopped itself or adopted same. These pleas seek to make the plaintiff liable under the agreement set out by reason of the fact that it maintained an agent for the purpose of shipping and disposing of sponges bought by the corporation with funds advanced to it by the plaintiff for that purpose, and that this agent approved the contract between the defendant and the corporation. It must be borne in mind that this constitutes the only notice to or participation in the contract by this plaintiff. These allegations in the pleas show a special agency for a specific purpose, outside of which purpose the agent by his acts or knowledge cannot bind the principal. The additional allegations in the fourth, fifth, and sixth pleas rest and depend upon the allegations of the third plea for sufficiency as defenses. If the facts alleged in the third plea do not constitute a defense, the fourth, fifth, and sixth pleas do not. I am of opinion that the third, fourth, fifth, and sixth pleas are demurrable. There are various grounds of demurrer urged to these pleas, but the only ground considered by me is the one above discussed.

The seventh plea alleges that on a date subsequent to the falling due of the notes sued on the plaintiff and defendant, in order to settle their differences, entered into an agreement that the defendant would assume certain indebtednesses to plaintiff, and employ a certain individual for a specified time, in consideration of which acts upon the part of defendant the plaintiff would advance moneys to defendant for the purpose of conducting a sponge business; that pursuant to said agreement defendant entered into the contract with the individual named, and stood ready, able, and willing to fully complete its part of the agreement; also that pursuant to the agreement the plaintiff and its president executed a release to the corporation named in the pleas, and

makers of the notes in suit, acquitting it of all responsibility for the payment of said notes and other amounts claimed to be due the plaintiff from said corporation; that in said release the plaintiff expressly stated that the consideration for said release was the contract theretofore entered into by the defendant with the party named in said pleas; that the plaintiff without just cause refused to carry out its agreement with the defendant, by reason of which agreement and refusal of plaintiff to comply with same and the release given the maker of the notes, defendant is released from its obligation as indorser thereon.

To these pleas the plaintiff files two replications. The first replication denies that the defendant stood ready, able, and willing to perform its agreement, and further denies that plaintiff repudiated the same, but affirmatively alleges that defendant first repudiated the agreement, thereby relieving plaintiff of its obligation under said agreement, and that such repudiation by the defendant constitutes a failure of consideration for the release set up in said pleas. The second replication sets up that the agreement and the release pleaded were entered into on the understanding that said agreement and release should first be approved by the plaintiff's board of directors before either should become binding upon the parties; that plaintiff's board of directors refused to approve of same, and of this the defendant had due notice.

[2] The defendant interposed demurrers to these replications. There are various grounds of demurrer contained in the demurrers. It seems to me the first contains the meat of the objections to the first replication—that:

"The replication does not constitute a reply sufficient in law to bar the defense set up in the seventh plea."

These replications nowhere negative the fact that the consideration moving to the plaintiff in executing the release set out in hæc verba in said plea was the contract between the defendant and the individual named. Nor does it negative the ability of the defendant to perform said contract. These it seems to me are material allegations in said pleas, upon which depend the defense. If this plaintiff, in consideration of the agreement aforesaid entered into by the defendant, released the maker of the notes in suit, then it seems to me it is not in position to demand payment of same by the indorser. There has certainly been no failure of consideration as to such release; and with such release existing the other facts alleged in the replication would constitute no answer to the plea as a whole. I am therefore of opinion that the demurrers to the first replication are well taken.

[3] The second ground of demurrer to the second replication seems to me the main one; i. e., does such replication infringe the rule against altering or contradicting the terms of a written instrument by a former or contemporaneous parol agreement? The allegation in the replication is that the agreement and release were not to become effective until approved by the board of directors of plaintiff. Evidence to establish this understanding or agreement would not, under Burke v. Dulaney, 153 U. S. 228; 14 Sup. Ct. 816, 38 L. Ed. 698, violate this

rule. It would be to the effect that the agreement and release never became effective.

It is my judgment that the demurrer to the second replication is not well taken. It will be ordered accordingly.

---

## THE BRIS.

### (District Court, S. D. New York. June 7, 1918.)

1. SHIPPING ☞145—GOVERNMENTAL INTERFERENCE—PREPAID FREIGHT—RETENTION BY CARRIER.

Where libelant shipped varnishes upon a steamship, prepaying freight and receiving a bill of lading, releasing carrier from loss through restraint of rulers or people, and providing prepaid freight be considered as earned and retained by carrier, "vessel or cargo lost or not lost," and after loading the United States refused the owner license to ship, the carrier could retain prepaid freight.

2. SHIPPING ☞145—BILLS OF LADING—EARNED FREIGHT LOSS—PUBLIC POLICY—TIME OF WAR.

Insertion by shipowner of clause in bill of lading providing that prepaid freight be considered earned on shipment and retained by carrier, "vessel or cargo lost or not lost," is not in contravention of public policy in time of war.

3. SHIPPING ☞145—BILL OF LADING—CONSIDERATION.

Where a carrier loaded goods on a vessel for shipment, and freight was prepaid, and carrier was forced to unload the goods through shipper's failure to secure license from the United States, such was not a "commercial frustration of the adventure," constituting failure of consideration.

In Admiralty. Libel by the Standard Varnish Works against the steamship Bris. Libelant's exceptions to claimant's answer overruled, and libel dismissed.

Julius J. Frank, of New York City (Everett P. Wheeler, of New Hamburg, N. Y., of counsel), for libelant.

Haight, Sandford & Smith, of New York City (Charles S. Haight, of New York City, of counsel), for claimant.