In re Cyrus LULEY, Debtor.

Cyrus LULEY, Plaintiff,

v.

FIRST NATIONAL BANK OF
BOSTON, Defendant.

Bankruptcy No. 85–605–Orl–BK–11.
Adv. No. 85–210.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Jan. 27, 1986.

David R. McFarlin, Orlando, Fla., for plaintiff/debtor.

William F. Duane, Orlando, Fla., for defendant.

GEORGE L. PROCTOR, Bankruptcy Judge.

## MEMORANDUM ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY FINAL JUDGMENT

This proceeding came on for hearing on December 16, 1985, on the parties' cross Motions for Summary Judgment. Upon consideration of oral argument and post-hearing briefs, the Court finds as follows:

On August 17, 1979, plaintiff, Cyrus Luley, entered a Florida Marine Security Agreement-Retail Installment Contract (Contract) with Richard L. Merritt to purchase a 45-foot 1964 Andy Mortenson Sport Fisherman, known as "Jomar III." Seller, Richard L. Merritt, immediately assigned the Contract to Yegen Marine Division of Tri-Continental Leasing Corporation who then assigned it to First National Bank of Boston. As stated on the face of the contract, Yegen Marine Corporation and Yegen Marine Division of Tri-Continental Leasing Corporation are one and the same as of the merger of the two corporations on December 29, 1978. Contemporaneously with entering the Contract, plaintiff executed a Power of Attorney in favor of Sharon M. Chadwick (Chadwick). This Power of Attorney authorized Chadwick to "facilitate the execution and delivery of a First Preferred Ship Mortgage and to thereby induce Seller to execute the Retail Contract, and any assignees of Seller to the Retail Contract."

The sole issue is whether First National Bank of Boston is one of the "assignees of Seller" within the limited power granted Chadwick to execute a First Preferred Ship Mortgage in favor of "Seller or any assignees of Seller." Plaintiff asserts that since defendant is not the direct assignee of Seller, Chadwick exceeded her authority in executing the Mortgage in favor of defendant

and thus plaintiff is not bound by such Mortgage. *See Commercial Credit Corp. v. United Diver's Supply,* 253 F. 255 (D.C. Fla.1918). The Court rejects plaintiff's argument and finds that defendant is an assignee within the meaning of "any assignees of Seller."

Chadwick was given the special limited power to execute a First Ship Preferred Mortgage in favor of "Seller or any assignees of Seller." This special power must be strictly construed and strictly pursued. *See First National Bank v. Kirkby,* 43 Fla. 376, 32 So. 881 (1901). The Court finds that the phrase "any assignees of Seller" is perfectly plain and unambiguous, thus construction of the phrase is inappropriate.

Defendant, First National Bank of Boston, is an assignee of the subject Contract and as such is entitled to Seller's benefits under the Contract and liable for Seller's obligations. Defendant was not the direct assignee of Seller but a successor assignee in the chain of assignees coming out of Seller. The ordinary and natural meaning of the phrase "any assignees of Seller" includes all assignees in the chain of assignors-assignees who acquired a legally valid and binding assignment of the Contract. There is no question that the assignment of the Contract to defendant was legally valid and binding.

Having found that plaintiff is bound by the subject Mortgage, the Court finds that the issue of whether plaintiff should be estopped to deny the authority of Chadwick to execute the Mortgage is moot.

Accordingly, it is ORDERED:

1) Defendant, First National Bank of Boston, is an assignee within the meaning of the phrase "any assignees of Seller" contained in the subject Power of Attorney.

2) Chadwick did not exceed her authority when she entered a First Ship Preferred Mortgage in favor of First National Bank of Boston. The instrument is valid and the terms binding on the parties who shall abide by the terms and conditions.

3) Plaintiff's Motion for Final Summary Judgment is denied.

4) Defendant's Motion for Final Summary Judgment is granted.